


**Formal Grievance – Improper Issuance and Handling of Corrective Action**

To Whom It May Concern,

I am submitting this letter as a formal grievance regarding the documented verbal warning and attendance occurrence issued in connection with my absence on January 25, 2026, as well as a pattern of corrective actions and unsafe scheduling decisions issued by the same supervisor.

**1. Attendance Occurrence – January 25, 2026**

On January 25, 2026, I was unable to safely report to work due to unsafe travel conditions in the State of Indiana, my state of residence, which was under a declared State of Emergency. Documentation supporting unsafe travel conditions was provided.

Following submission of this documentation, the Union reviewed the matter and formally requested reconsideration of the attendance occurrence. I was subsequently informed by my Union representative that, after discussion with management, the attendance point would be removed. Despite the Union's involvement and the documentation provided, the attendance occurrence and documented verbal warning were later upheld.

**2. Prior Corrective Action Issued by the Same Supervisor (September 24, 2025)**

This is not the first corrective action issued to me by Mr. Dominic Espejo. On September 24, 2025, shortly after his appointment as IV Manager, Ms. Octavia Dunn declined to address a reassignment issue directly and instead directed Mr. Espejo to handle the matter. During this interaction, Mr. Espejo informed me that I would receive corrective action, despite similarly situated technicians having been reassigned without discipline under comparable circumstances.

**3. Failure to Honor Documented Medical / Safety Accommodation – IV Mask Allergy**

Mr. Dominic Espejo is also the same manager who continued to schedule me in the IV room despite documented allergic skin reactions caused by incorrect IV masks. These reactions included skin irritation, peeling, and burning.

Masks specifically ordered to accommodate my condition were stored in management's office rather than being made readily accessible. I was issued only two to three masks per shift and required to request additional masks through management, while other staff had unrestricted access to an unlimited supply of IV masks.

Despite this documented condition and the availability of appropriate masks, I continued to be scheduled in the IV room under conditions that exacerbated my skin reaction. These scheduling and supply restrictions created an unequal and unsafe working condition.

**4. Grounds for Grievance**

- Corrective action was applied unreasonably under documented emergency, health, and safety circumstances;

- Medical and safety documentation was not given good-faith consideration;

- The same supervisor repeatedly issued corrective action and scheduling decisions following documented health concerns;

- Protective equipment access was restricted in a manner inconsistent with other staff;

- The overall handling of these matters raises concerns regarding fairness, consistency, and good-faith labor relations.

**5. Requested Remedy**

1. Removal of the January 25, 2026 attendance occurrence;

2. Removal of the associated documented verbal warning from my personnel file;

3. Confirmation that no further corrective action will result from this occurrence;

4. Assurance that appropriate IV masks are readily accessible and that scheduling reflects documented medical considerations.

Please include this grievance and all related documentation in my personnel file. I reserve all rights under the collective bargaining agreement and applicable law.

Respectfully,

Ambria Almon

Union Member

**Exhibit B – Statement Regarding PPE Concerns and Skin Reaction**

Beginning on September 9, 2025, I notified management regarding an allergic skin reaction to IV masks being provided. The reaction included visible skin irritation, peeling, and burning. I followed up again on September 18, 2025, as the issue had not been resolved.

Despite these communications, I continued to be scheduled in areas requiring prolonged mask use, including IV and chemo-related duties. Masks specifically ordered to address my condition were stored in management's office rather than being made readily accessible.

I was issued approximately two to three masks per shift and required to request additional masks, while other staff had unrestricted access to PPE.

I submit this statement to document the PPE-related concerns, continued exposure, and management response.

**Exhibit C – Timeline of PPE, Accommodation, and Corrective Actions**

September 9, 2025 – Initial email to management reporting allergic reaction to IV masks.

September 18, 2025 – Follow-up email sent; no resolution provided.

September 24, 2025 – Ms. Dunn declined to address reassignment and directed Dominic Espejo; corrective action issued.

November 16, 2025 – Directed work assignment despite unresolved PPE concerns.

January 7, 2026 – Physician note submitted outlining work restrictions.

January 25, 2026 – Attendance occurrence issued during Indiana State of Emergency.

January 30, 2026 – Dominic confirmed HR review pending; stated nothing additional needed.

February 2, 2026 – Union confirmed attendance point should be removed; refusal followed.