


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AMBRIA ALMON,
Plaintiff,

v.
No. 1:25-cv-12718
Hon. Jeffrey I. Cummings

UNIVERSITY OF CHICAGO MEDICAL CENTER,
KARI FORD, and
OCTAVIA DUNN,
Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' RULE 12(b)(5) MOTION AND MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE**

Plaintiff Ambria Almon, proceeding pro se, respectfully responds to Defendants' Rule 12(b)(5) Motion to Dismiss and moves this Court, pursuant to Federal Rule of Civil Procedure 4(m), for an extension of time to effect proper service.

**I. INTRODUCTION**

Defendants seek dismissal based solely on alleged technical deficiencies in service of process. Plaintiff made timely, good-faith efforts to serve each Defendant within the 90-day period required under Rule 4(m). Defendants indisputably received actual notice of this action, retained counsel, filed an appearance, and submitted substantive filings.

Under these circumstances, dismissal would elevate form over substance and would unnecessarily waste judicial resources.

**II. GOOD-FAITH EFFORTS TO SERVE DEFENDANTS**

Plaintiff attempted service on each Defendant within the Rule 4(m) timeframe following the filing of the Complaint. As a pro se litigant unfamiliar with the technical distinctions governing service of process under federal and Illinois law, Plaintiff personally delivered and mailed copies of the summons and complaint in an effort to ensure prompt notice to Defendants.

There was no attempt to evade procedural rules, delay proceedings, or prejudice Defendants. Plaintiff acted diligently and promptly in attempting service.

**III. DEFENDANTS SUFFERED NO PREJUDICE**

Defendants acknowledge receiving the summons and/or complaint, retained counsel, filed an appearance, and filed a Rule 12 motion. This confirms that Defendants had actual notice of the lawsuit.

Courts within the Seventh Circuit routinely hold that where defendants have actual notice and suffer no prejudice, dismissal is disfavored and extension of time to cure service defects is appropriate.

**IV. RULE 4(m) AUTHORIZES EXTENSION**

Federal Rule of Civil Procedure 4(m) provides that if service is not completed within 90 days, the Court must extend time upon a showing of good cause and may extend time in its discretion even absent good cause.

Here, Plaintiff attempted service within 90 days, Defendants clearly received notice, no prejudice exists, and dismissal would require refiling and re-service, resulting in inefficiency. In the interest of justice and judicial economy, extension—not dismissal—is the appropriate remedy.

**V. REQUEST TO QUASH RATHER THAN DISMISS**

If the Court finds prior service technically deficient, Plaintiff respectfully requests that the Court quash prior attempts at service rather than dismiss the action and grant Plaintiff thirty (30) days to effect proper service through a licensed process server or other authorized method.

**VI. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Rule 12(b)(5) Motion to Dismiss, quash prior service attempts if necessary, grant Plaintiff thirty (30) days to properly effect service pursuant to Rule 4(m), and grant any further relief this Court deems just and proper.

Respectfully submitted,

/s/ Ambria Almon
Ambria Almon
Plaintiff, Pro Se

Dated: February 12, 2026